UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CRAIG SIMON and                    )
WALTON TOOL, INC.,                 )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )        CIVIL NO.  1:05cv333
                                   )
WILLIAM WHICHELLO,                 )
                                   )
        Defendant.                 )

OPINION AND ORDER

This matter is before the court on a "Motion for Dismissal and/or Transfer of Venue",

filed by the defendant, William Whichello ("Whichello"), on September 19, 2005.  The

plaintiffs, Craig Simon ("Simon") and Walton Tool, Inc.  ("Walton Tool"), filed their response

on October 14, 2005, to which Whichello replied on October 21, 2005.

Also before the court is a "Motion for More Definite Statement", filed by Whichello on

September 19, 2005.  The plaintiffs responded to the motion on October 14, 2005.  Whichello

has not filed a reply.

Discussion

The plaintiffs commenced the instant suit in the Circuit Court for the County of Noble,

Indiana.  The matter, which was removed to this court, arises out of a contract for the sale of

stock of Walton Tool to Simon by Whichello.   According to Whichello, the contract was

negotiated in the State of Michigan, with the assistance of Walton Tool's accountant.  Several

meetings were held in Michigan to negotiate the terms of the sale, and corporate records and

other documents were inspected in Michigan by Simon.

Whichello is a citizen of the State of Michigan and is the founder and former sole

shareholder and officer of Walton Tool.  Whichello has resided at all pertinent times in the State of Michigan, running Walton Tool out of its northern Michigan office.  Throughout his tenure at Walton Tool, Whichello paid Michigan income taxes.   However, Walton Tool is an Indiana corporation and Simon is an Indiana citizen.

The instant matter arises directly out of the Stock Sale Agreement.  The Agreement contains no forum selection or venue election provisions; it does not require the application of any particular state's law.

Before the closing, Simon met with and interviewed Walton Tool's Michigan accountant within Michigan to review tax returns, financial statements and other Walton Tool records.   In addition to Whichello being a resident of Michigan, Whichello claims that  virtually all of the records and other evidence in this matter are located in Michigan.  The personal property alleged to have been wrongfully retained by Whichello is in Michigan.[1]

In August of 2002, Whichello suffered a debilitating injury (the loss of his left leg), which he claims has seriously impaired his mobility.  Whichello states that traveling to Indiana for proceedings in this matter would impose an unusual and undue hardship upon him. Whichello maintains that the transaction giving rise to this action was a simple commercial transaction involving the sale of stock and involved no event or activity in the State of Indiana. According to Whichello, the sale was solicited by Simon, as purchaser, while Whichello was in Michigan, and the transaction was negotiated in and closed in Michigan.

The plaintiffs take a slightly different view of the facts in this case.   The plaintiffs claim

---

[1]  In Count VI of the complaint, the plaintiffs allege that Whichello has wrongfully retained certain corporate property: motor vehicles, a digital camera, office furniture, and landscaping items.

that Whichello solicited the offer to purchase the Walton Tool stock by calling Simon at his Indiana residence on June 30, 2003.  The plaintiffs further claim that Whichello discussed the sale with Simon by phone on July 19, 2003 and on July 25, 2003.[2]  The plaintiffs also state that Whichello's accountant forwarded the business documents to Simon's Indiana residence on April 30, 2003, and that Simon reviewed the documents at his Indiana residence.  Simon then prepared an outline for the transaction which he forwarded from Indiana to Whichello, while Whichello was on vacation in Deadwood South Dakota.  On August 12, 2003, Whichello faxed a purchase agreement to Simon at Simon's Indiana residence.

The plaintiffs acknowledge that prior to the closing, Simon met with Walton Tool's accountant in Michigan on two occasions, and also had a meeting in Michigan with Whichello. The plaintiffs also acknowledge that the closing took place in Michigan.   However, the plaintiffs point out that Whichello arranged for Simon to meet Paul Morris, an engineer for Bosch (Walton Tool's customer), at the Bosch plant in Albion, Indiana.

The plaintiffs contend that the critical witnesses in this case are Simon and his wife, residents of Indiana; Dan Pifer, minority shareholder and employee of Walton Tool, who is a resident of Indiana; Paul Morris, an engineer at the Bosch plant in Albion, Indiana, who is a resident of Indiana; Mr.  Thompson, Walton Tool's accountant who resides and maintains his office in Novi, Michigan, and Whichello, a resident of Michigan.

Lastly, the plaintiffs contend that even though Whichello lost his left leg as a result of a vehicular accident in August, 2002, he was able to travel to Deadwood, South Dakota, for a

---

[2]  Whichello does not deny these telephone conversations, but states that it was Simon who first approached Whichello through an intermediary about purchasing Walton Tool's stock while Whichello was in Michigan, and the telephone calls to Simon in Indiana then took place.

motorcycle rally in August, 2003.  The plaintiffs argue that many people with handicaps are quite able to travel by airline and motor vehicle for business and personal activities.

In support of his motion to dismiss, Whichello argues that the Circuit Court of Noble County lacked jurisdiction over his person, and thus this court also lacks jurisdiction.   "A federal district court exercising diversity jurisdiction has personal jurisdiction over a nonresident defendant 'only if a court of the state in which it sits would have such jurisdiction.'" Nucor Corp. v.  Aceros Y Masquilas De Occidente, 28 F.3d 572, 579-80 (1994).  In Nucor, the court reaffirmed the holding in Wilson v.  Humphreys (Cayman) Ltd., 916 F.2d 1239, 1243 (7th Cir. 1990), that explained a two-step procedure employed in the determination of whether a state court had jurisdiction over a nonresident defendant.  First, whether the state statute allows jurisdiction; and second, whether the assertion of jurisdiction complies with constitutional due process standards.  Id.  at 580.  The Nucor Court held that this two-part procedure really collapses into one inquiry since Indiana's long-arm statute extends personal jurisdiction to the limit allowed by the Fourteenth Amendment.  The Court points to the due process analysis that required a defendant to have "minimum contacts with the forum so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice," as set forth in International Shoe Co.  v.  Washington, 66 S.Ct.  154, 158 (1945).

Whichello cites to State Farm v.  Estate of Bussell, 939 F.  Supp.  646 (S.D. Ind.  1996), for the proposition that in a contract case, the court looks to the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the place of business of the parties to determine which state has the most significant contacts.

Whichello argues that the present action before this court is a contract action for the sale

4

of stock.  Whichello maintians that the contract was negotiated, written, signed and performed in Michigan.  Whichello points out that he is a resident of Michigan, and contends that Michigan is the forum sate with the most significant contacts.

The plaintiffs, in response, argue that this court has personal jurisdiction over Whichello because he deliberately engaged in significant activities within the State of Indiana.  The plaintiffs maintain that Nucor makes it clear that the required minimum contacts result from actions "by the defendant himself that create a 'substantial connection' with the forum State." 28 F.3d 572 at 580.  The plaintiffs point out that the Nucor Court noted that where a "defendant deliberately" has engaged in significant activities within a state or has created continuing obligations between himself and the residents in the forum, he manifestly has availed himself of the privileges of conducting business there and because his activities are shielded by the "benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.  Id.

The plaintiffs contend that Simon's affidavit makes it clear that Whichello is the one who deliberately engaged in significant activities within the State of Indiana.  Whichello was the president and majority shareholder of Walton Tool, Inc., an Indiana business located in Albion, Indiana.  The plaintiffs claim that it was Whichello who made the initial contact and approached Simon concerning the sale of Whichello's business ownership interest in Walton Tool. Whichello called Simon and spoke with Simon on June 30, 2003, when Simon was at his residence in Indiana.  Whichello had several follow-up phone conversations to Simon in July, 2003.  Whichello directed his Michigan accountant to forward the financial records, including the April, 2003 financial statement to Simon at Simon's residence in Indiana on July 23, 2003.

5

Whichello also faxed his August 12, 2003, handwritten purchase agreement to Simon at Simon's residence in Indiana.  Finally, Whichello also arranged for Simon to speak with Paul Morris, an engineer for Bosch, the principal customer of Walton Tool, as part of the reassurance that the business operations were satisfactory at the time leading up to the closing.

The plaintiffs further state that the contract in this case makes it clear that there are ongoing obligations owing from both Walton Tool and Simon to Whichello.  Walton Tool leases the building owned by Whichello in the State of Indiana as its business site and pays rent to him each month.  Simon has a promissory note which he is obligated to pay to Whichello.  With respect to the factors discussed in State Farm v.  Bussell, supra, the plaintiffs argue that the place of contracting occurred in Indiana when Simon accepted the faxed handwritten contract of August 12, 2003.  The plaintiffs further contend that the place of negotiation occurred at least as much in Indiana as Michigan, and that the place of performance for the contract, i.e., ongoing payment for lease and promissory note occurs in the State of Indiana.  Additionally, the location of the subject matter, the Walton Tool company business, is in Albion Indiana.  Thus, the plaintiffs maintain that the State Farm factors clearly favor Indiana.

This court gives significant weight to the fact that Whichello has engaged in business in Indiana, through his corporation, Walton Tool.  Also significant is the fact that the contract was negotiated in part in Indiana, and accepted in Indiana after financial and corporate documents were sent to Indiana.  This court finds that exercising personal jurisdiction over Whichello complies with constitutional due process standards.  Whichello had significant contacts with Indiana and requiring him to litigate in this forum does not offend traditional notions of fair play and substantial justice.

In the alternative to his motion to dismiss, Whichello requests that venue be transferred to the United States District Court for the Western District of Michigan, pursuant to 28 U.S.C. § 1391(a).[3]   Whichello insists that most of the events giving rise to this action occurred in Michigan, and thus § 1391(a)(1) and (2) require that the action be brought in Michigan.  The plaintiffs, however, contend that nearly all of the events giving rise to this action occurred in Indiana.  The parties agree that the significant events in this case were the contract negotiations, the drafting of the contract, and the actual entering into the contract.  It appears from the record that all of the events occurred almost equally in Michigan and Indiana, due to the fact that one party was in each state and calls and faxes were sent back and forth.  However, as the plaintiffs point out, Whichello was not actually in Michigan during part of the negotiations, as he was on vacation in South Dakota during at least part of the contract negotiations.  Moreover, the contract in this case was sent to Indiana for approval and accepted in Indiana, at least arguably making Indiana the "place of contracting".[4]  Thus, this court finds that venue is proper in Indiana.

---

[3]  28 U.S.C. § 1391(a) provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district the action may otherwise be brought.

[4]  Whichello's handwritten contract was accepted by Simon in Indiana.  Walton Tool's accountant later typed up the terms of the contract in Michigan, and this version of the contract was signed by all parties at the closing in Michigan.

Finally, Whichello argues that this case should be transferred to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).[5]  Whichello reiterates that he has suffered the loss of a leg and states that extended travel would be difficult for him.  Whichello further argues that at least two critical witnesses, himself and Walton Tool's accountant, Mr.  Thompson, reside in Michigan.

In seeking relief under § 1404(a), "[t]he movant bears the burden of showing that the transferee court is clearly more convenient."  Enviroplan, Inc.  v.  Western Farmers Elec.  Co-op., 900 F.  Supp.  1055, 1064 (S.D. Ind.  1995), citing Coffey v.  Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir.  1986).  Showing inconvenience to the defendant is not enough, and where a transfer to a different jurisdiction "would shift convenience (and conversely, inconvenience) from one party to another, transfer should not be granted."  900 F.  Supp.  at 1064, citing K & F Mfg.  Co., Inc.  v.  Western Litho Plate & Supply Co., 831 F.  Supp.  661, 664 (N.D. Ind.  1993). "There is a strong presumption in favor of the plaintiff's choice of forum."  Zelinski v.  Columbia, 335 F.3d 633, 643 (7th Cir.  2003).

The plaintiffs argue that both Simon and Walton Tool are located in Indiana, and both critical witnesses at Bosch, the primary customer, and Mr.  Pifer, employee and minority shareholder of Walton Tool, are all Indiana residents.  The plaintiffs state that the business records of Walton Tool as well as the financial disclosures made to Simon are all located in Indiana, although the plaintiffs acknowledge that duplicate copies of the records are available in

---

[5]  28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Michigan.

Again, there are factors on both sides of the equation.  It is undisputed that Whichello has a handicap, but he fails to specify exactly how traveling to Indiana would be a hardship to him. As the plaintiffs have noted, handicapped individuals routinely travel on a daily basis with little or no difficulty.  There is nothing in the record to support the claim that Whichello will be unable to travel comfortably and safely.  Additionally, with modern communication technology available, Whichello likely will not have to travel as much as he anticipates, especially in light of the fact that he can require his deposition be taken in Michigan.  With respect to the convenience of witnesses, it appears that slightly more witnesses reside in Indiana, another factor tilting the balance in favor of an Indiana forum.  After considering all the relevant factors in this case, the court concludes that this case should not be transferred pursuant to § 1404(a).  Thus, Whichello's motion for dismissal and/or transfer will be denied in its entirety.

The court will now address Whichello's motion for more definite statement, filed pursuant to Federal Rule of Civil Procedure 12(e).  In this motion, Whichello claims that the plaintiffs' complaint is vague and ambiguous, and that Whichello is unable to discern the nature of many of the plaintiffs' allegations, and is also unable to discern the nature of all the relief sought by the plaintiffs.

In response, the plaintiffs state that they originally filed a notice pleading complaint pursuant to state court trial rules and agree that, since allegations of fraud have been made against Whichello, it is appropriate to make a more specific factual statement in support of the allegations.  The plaintiffs agree to file an amended complaint setting forth, with more specificity, the allegations of fraud and other misconduct which they assert against Whichello.

The plaintiffs request two-weeks time to complete and file the amended complaint.

In light of the plaintiffs' position, the court will deny Whichello's motion for more definite statement as moot, and will grant the plaintiffs 14 days to file their first amended complaint.

Conclusion

On the basis of the foregoing, Whichello's motion to dismiss and/or transfer of venue is hereby DENIED. Further, Whichello's motion for more definite statement is hereby DENIED AS MOOT. The plaintiffs shall file their first amended complaint within 14 days of the date of this order.

Entered: November 17, 2005.

s/ William C. Lee
William C. Lee, Judge
United States District Court