UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CRAIG SIMON and <br> WALTON TOOL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM WHICHELLO, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )  Cause No.: 1:05-CV-333 <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on the Motion to Quash[1] filed by the Plaintiffs, Craig Simon ("Simon") and Walton Tool, Inc., ("Walton Tool") (also referred to collectively as "Plaintiffs"), and the Motion to Compel Discovery filed by the Defendant, William Whichello ("Whichello"). Plaintiffs filed a response in opposition to the motion to compel, and Whichello filed a reply.[2] For the reasons discussed herein, the motion to quash is DENIED and the motion to compel is GRANTED.

BACKGROUND

This case arises out of an contract pursuant to which Whichello proposed to sell to Simon

---

[1] This motion to quash (Docket at 34) was actually titled an "Objection" to specific document requests made by Whichello by way of two notices of deposition (one to Simon and one to Walton Tool), each with a subpoena *duces tecum*. In their prayer for relief, however, Plaintiffs specifically requested that the court "enter an Order quashing" those discovery requests. Accordingly, the filing was docketed as a Motion to Quash and is pending as such. What Plaintiffs are seeking to quash is the portion of each of two subpoenas served on them that demands Plaintiffs turn over certain financial information.

[2] After the motion to quash was filed, the court entered an Order taking it under advisement and directing the parties to brief the matter. The motion to compel, which encompasses the same issues, was the specific motion that was briefed.

60% of the stock of Walton Tool. There is an issue or conflict over whether the stock sale contract was ever finalized. Plaintiffs maintain that the purchase agreement was signed, and the transaction at issue thereby "completed on or about September 30, 2003." Amended Complaint, Docket at 31, p. 4. Plaintiffs further state that on that same date, Simon "took over the position of president and became a director of the corporation." *Id.* Whichello, in his Answer to the Amended Complaint, concedes that Simon took over as president and as a board member, but alleges that the stock purchase agreement has *not* actually been completed.[3] Answer to Amended Complaint, Docket at 33, p. 6. In his motion, Whichello acknowledges that "the transaction was *closed*, by signature on the executory contract, on September 30, 2003, and Mr. Simon has been in sole control of the operations, records and finances of Walton since then." Motion to Compel, Docket at 39, p. 3 (italics added).

Plaintiffs allege in this lawsuit that Whichello misrepresented the value of the stock as well as the company's overall financial condition. On February 7, 2006, Whichello served discovery requests on Simon and Walton Tool pursuant to 1) a Second Notice of Taking of Deposition of Walton Tool, Inc., *Duces Tecum* With Amended Documents Request and 2) a Second Notice of Taking of Deposition of Craig Simon, *Duces Tecum* With Amended Documents Request. At the time the Plaintiffs filed their objection to those requests with this court, they sought a court order quashing Whichello's request for several documents. In the present motion, however, Whichello seeks to compel discovery of only three of the items he had

---

[3] Whichello alleges that Simon has not yet fulfilled all the terms of the purchase agreement and, therefore, the agreement is not yet "completed." Plaintiffs state that on April 1, 2006, Simon made the last installment payment called for under the promissory note which was part of the purchase agreement, but that the payment was made "under protest" due to this pending litigation. Plaintiffs' Response, p. 3.

2

originally requested.

The items Whichello now seeks were designated in his discovery requests as items 7, 17, and 18. Those items include the following:

> Item No. 7–the Federal, State and Municipal tax returns of Walton Tool "commencing January 1, 2003, through the date of [the discovery] responses . . ;"
>
> Item No. 17–"copies of all of Walton's loan documents, including applications and any exhibits or documents in support of applications, for loans or financing of any sort since January 1, 2003;" and
>
> Item No. 18–"copies of all bank statements for any and all accounts owned or controlled by Walton Tool, Inc., from January 1, 2003, through the date of [Mr. Simon's] deposition." Brief in Support of Defendant's Motion to Compel, Docket at 39, pp. 4-5.

## DISCUSSION

Federal Rule of Civil Procedure 34 empowers a party to serve on any other party a request to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served. Fed.R.Civ.P. 34(a). Rule 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party. . . ." Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). For purposes of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002)

3

(quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

This court has broad discretion when deciding whether to compel discovery. Fed.R.Civ.P. 26(c); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel."). In making such a ruling, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile*, 95 F.3d at 496. In that regard, a court has the power to limit proposed discovery if the burden and expense it would impose outweighs its likely benefit. *Chavez*, 206 F.R.D. at 619 (citing Fed.R.Civ.P. 26(b)(2)).

**A. Request for Walton Tool Tax Returns.**

A party's tax returns or other tax information is generally relevant (and therefore generally discoverable) where that party's claims placed his financial situation in issue in the case. *See generally Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 75 (7th Cir. 1992) (compelling disclosure of plaintiff's tax returns when plaintiff's claims placed his income at issue).

In the present case, Whichello maintains that his request to inspect the tax returns of Walton Tool are legitimate, based on the allegations in the Amended Complaint that he misrepresented the overall financial condition of the company. In their response to the motion to compel, Simon and Walton Tool maintain that Whichello has already been provided with the Walton Tool 2003 corporate tax return. Plaintiffs' Response, Docket at 42, p. 8. As evidence of this, Plaintiffs provide a copy of a letter from W.R. Thompson, an accountant, dated March 13, 2004. *Id.* The letter is addressed to Whichello and indicates that the Walton Tool "2003 Indiana

4

Corporation Income Tax Return[.]" was enclosed.  It further instructs that the return "should be signed" and mailed to the Indiana Department of Revenue "before April 15, 2004 . . . ."  *Id.*  Thus, it is the position of Simon and Walton Tool that Whichello has had access to this particular document for a long time.  Therefore, Plaintiffs state, "[t]he more important issue is whether the 2004-2005 corporate tax returns are relevant or if they are reasonably calculated to lead to the discovery of relevant evidence."  *Id.*, p. 8.  Plaintiffs maintain that these subsequent tax returns (meaning the ones filed after the stock sale) "contain proprietary information that Whichello, a non-shareholder, is not entitled to see absent just cause."  *Id.*

The Amended Complaint and the Answer thereto make clear that the issues in this case are whether Whichello made material misrepresentations to Simon in order to induce him into the stock purchase deal.  In that regard (and the Plaintiffs even concede this) the 2003 tax return documents may in fact be relevant.  But Whichello already has those.  Whichello also argues that the documents he seeks (including the loan documents and bank statements, which will be addressed below) are relevant because they "would also contain information making Mr. Whichello's allegations of corporate waste more or less probable."  Motion to Compel, p. 4.  Plaintiffs argue that "[c]orporate waste is not one of the affirmative defenses or other issues which Whichello has pled in this case.  Whichello is not a shareholder of the corporation and, therefore, he has no standing to bring any corporate waste claim against either the corporation, the current Board of Directors, or the officers."  Plaintiffs' Response, p. 7.  It is also true, as Plaintiffs stress, that Whichello has not filed any counterclaims in this case, which arguably could bring corporate waste or other similar claims into issue in this case.

Walton Tool's corporate tax returns for 2004 and 2005 (and any relevant tax documents

5

provided to taxing authorities so far during 2006) are, as Plaintiffs maintain, proprietary information.  However, that does not mean they are not discoverable in this lawsuit.  Plaintiffs as well as defendants in any given lawsuit may be forced to turn over documents that they would otherwise refuse to disclose to anyone because of their "proprietary" nature.  But the applicable federal discovery rules (as well as the rules of evidence) do not prohibit the discovery or admission of such documents if they are relevant.

Whichello's position is that the tax returns of Walton Tool may be relevant, or may lead to the disclosure of relevant information, because they would reflect how the company has performed since the date of the sale.  That, in turn, would help to prove or disprove Plaintiffs' allegations.  Given the broad scope of discovery allowed by the Federal Rules, Plaintiffs' contention that the returns are proprietary and without any relevance in this case is unavailing.  Again, the standard is quite broad:  relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  *Chavez*, 206 F.R.D. at 619.  Under this standard, Whichello is entitled to any Walton Tool tax returns for any period from January 2003 to the date of his discovery request.

### B. Request for Loan Documents and Bank Statements.

Whichello's arguments for compelling the turnover of loan documents and bank statements for periods *after* September 30, 2003, are based on the same reasoning as his arguments for discovery of corporate tax returns.  He argues that "[t]hese loan documents are relevant because they will contain evidence of Mr. Simon's assertions to lending institutions regarding the 'overall financial condition of the corporation' which Plaintiff has alleged has been

'misrepresented.'" Motion to Compel, p. 4. He further states that "the loan applications will contain representations regarding the financial status or 'overall financial condition' of the corporation which Mr. Simon will have represented in his efforts to obtain the bank loans." *Id.* He repeats these arguments with regard to the bank statements and adds that "[t]he documents would have a tendency to prove or disprove Plaintiffs' allegations by revealing the financial status of the business and the changes, if any in that condition." *Id.*, p. 5.  As an example, in his reply brief, Whichello poses a hypothetical.  He asks the court to "[a]ssume, for illustrative purposes, that the requested documents reveal that Plaintiff Simon represented on loan applications that its value was far in excess of the value allegedly represented by the Defendant." Defendant's Reply, Docket at 47, p. 2.  This is a legitimate area of inquiry.  The information contained on any loan applications Simon and Walton Tool may have completed after the sale of the business may contain information that is relevant, since it might go directly, for better or for worse, to the credibility of Simon's allegations.

   The Plaintiffs counter that Whichello had access to corporation balance sheets during Simon's deposition and the deposition of the corporation's accountant, Mr. Thompson.  *Id.*, pp. 4 and 5-6.  These items, which were previously provided to Whichello by Simon and Walton Tool during discovery, included balance sheets for the corporation as of April 2003 and December 2003; a profit and loss comparison for the periods January through April 2002 and January through April 2003; comparative balance sheets as of April 2003 and September 2003; and a profit and loss statement for January through December 2003.  Plaintiffs' Response, Attached Exhibits.  What Simon and Walton Tool have *not* provided, however, are the same or similar documents for 2004, 2005, or any portion of 2006.  The latter, of course, are the documents

Whichello is requesting.

Again, Whichello bases his motion to compel on the argument that the requested documents "would have a tendency to prove or disprove Plaintiffs' allegations by revealing the financial status of the business and the changes, if any, in that condition." Motion to Compel, p. 5. Simon and Walton Tool argue that they have done nothing by way of their Amended Complaint to place the corporation's financial condition in 2004, 2005, or 2006 at issue. The court disagrees with this position. Plaintiffs' allegations clearly bring the corporation's financial condition into issue. And contrary to their argument, that means more than simply the financial condition up to December 31, 2003 (the latest date on the financial documents Plaintiffs *have* turned over to Whichello). For the reasons already addressed, the ongoing financial condition of Walton Tool from the date of the stock sale to the present may yield relevant, and possibly admissible, evidence that would bear on Plaintiffs' allegations and Plaintiffs' credibility. While the corporation's overall financial condition as of the date of the stock sale may be a preeminent fact issue with regard to whether Whichello is liable for misrepresentations, that does not mean that its subsequent financial condition is *not* relevant, as Plaintiffs argue. That is all Whichello needs to establish at this point, and the Plaintiffs' present no compelling argument, nor any legal authority, to the contrary.

## CONCLUSION

For the reasons set forth herein, the Motion to Quash filed by Plaintiffs Simon and Walton Tool is DENIED and the Motion to Compel filed by Defendant Whichello is GRANTED.

8

SO ORDERED.

Date: July 18, 2006.

     /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana